IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DARELL NORMAN HALL, :
:
    Petitioner, :
:
vs. : Civil Action File No.
: **1:07-CV-23 (WLS)**
VICTOR WALKER, Warden, :
:
    Respondent. :
_____

**RECOMMENDATION**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (doc. 9).

Petitioner executed this petition on January 9, 2007, challenging his August 23, 2001, Early County guilty plea and consecutive life sentences for felony murder and malice murder. Plaintiff did not file a direct appeal. On October 10, 2002, petitioner filed a motion to withdraw his guilty plea, which was denied by the trial judge on March 3, 2005. On October 5, 2005, petitioner filed a state habeas corpus petition in the Superior Court of Richmond County challenging his convictions. After an evidentiary hearing on January 9, 2006, the state habeas court denied relief in an order filed January 20, 2006. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal in an order dated November 20, 2006.

On or about January 9, 2007, petitioner executed the instant petition. Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d).

    Section 2244(d) of the AEDPA provides as follows:

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Here, Petitioner pled guilty on August 23, 2001. His conviction was "final" thirty days later when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-5-38 expired. In Georgia there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. Smith v. State, 266 Ga. 687, 470 S.E.2d 436 (1996). Had Petitioner elected to pursue such an avenue, he had 30 days from his August 23, 2001, guilty plea and sentencing in which to file a notice of appeal. He did not pursue an appeal, so that his conviction was final on September 22, 2001, when the time for filing a notice of appeal expired.

Petitioner then had one year from that date, or until September 21, 2002, in which to seek federal habeas relief or to otherwise toll the one year statute of limitation by properly filing an application for post-conviction relief or other collateral review.    Petitioner did not challenge

his conviction in any manner until October 10, 2002, when he filed his motion to withdraw his guilty plea with the trial court. Therefore, petitioner's first effort to challenge his conviction was clearly outside the one year period and was not otherwise tolled.

Petitioner contends that the failure to timely file should be equitably tolled, because he requested trial counsel on numerous occasions to file his motion to withdraw his guilty plea, but trial counsel did not comply with the request.

In <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik</u>, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," <u>Steed</u>, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." <u>Helton v. Sec'y for Dep't of Corr.</u>, 259 F.3d 1310, 1312 (11th Cir.2001); *see also* <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." <u>Drew,</u> 297 F.3d at 1286. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. <u>Id.</u> at 1287-89. Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., <u>Johnson v. United States</u>, 340 F.3d 1219 (11th Cir.2003) (holding that

petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

While petitioner has provided some evidence of his diligence in pursuing post conviction relief, he has not demonstrated the kind of extraordinary circumstances contemplated by the application of equitable tolling. The issues described by petitioner were not beyond his control. Equitable tolling is meant to be applied sparingly; petitioner has not demonstrated the extraordinary circumstances necessary to excuse his untimeliness.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of January, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd